UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SUNCIA LAWSON and                                    CIVIL ACTION
MINNIE REED

v.                                                   NO. 19-10339

OAKWOOD SHOPPING CENTER, LLC;
SHOE SHAW, INC. d/b/a SHOE DEPT.
ENCORE; SCHINDLER ELEVATOR CORP.;
and H-WORTH ELEVATOR SERVICE, LLC                    SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' unopposed motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation concerns two shoppers' claims that they sustained personal injuries when an escalator malfunctioned.

On May 27, 2018, Suncia Lawson and Minnie Reed visited Oakwood Shopping Center in Gretna, Louisiana. Lawson and Reed claim that, during their visit, an escalator on which they were riding suddenly malfunctioned, causing their "bodies to twist and turn in a violent manner and/or fall." On March 29, 2019, Lawson and Reed sued Oakwood Shopping Center, LLC; Shoe Show, Inc., doing business as Shoe Dept. Encore; and Schindler Elevator Corporation in the 24th

1

Judicial District Court for the Parish of Jefferson.[1] Alleging that one or more of the defendants were negligent in failing to adequately maintain, repair, and inspect the escalator and in failing to warn about the dangers it posed, the plaintiffs seek to recover for various damages, including past and future pain and suffering, medical expenses, lost wages, and loss of enjoyment of life.

On May 10, 2019, Schindler removed the case to this Court, invoking the Court's diversity jurisdiction.[2] After learning that H-Worth Elevator Service, LLC is the entity responsible for the escalator's maintenance, the plaintiffs moved for leave to amend their complaint on May 28, 2019 to name H-Worth as an additional defendant.[3] Schindler and Shoe Show, the only defendants who had

---

[1] The plaintiffs allege in their petition that Shoe Show owns the store located near the escalator and that Schindler either manufactured the escalator or is responsible for its maintenance and repair.

[2] According to Schindler's Notice of Removal, Oakwood is a limited liability company whose sole member is a Delaware corporation with its principal place of business in Illinois, Shoe Show is a North Carolina corporation that also has its principal place of business there, and Schindler is a Delaware corporation with its principal place of business in New Jersey. Both Lawson and Reed are citizens of Louisiana.

[3] In their motion for leave to amend, the plaintiffs state that, on April 30, 2019, "Counsel for Shoe Show, Inc. . . . , Lottie Bash, indicated that H-WORTH ELEVATOR SERVICE, LLC, a domestic limited liability company who upon information and belief is comprised of a sole member who is also a Louisiana domiciliary, provided the maintenance and upkeep for the escalator that is the subject of the present matter." The plaintiffs similarly represent in their motion to remand that "H-Worth Elevator Service, LLC [is]

2

appeared in this case, consented to the filing of the amended complaint. Therefore, the Court granted the plaintiffs' unopposed motion to amend on May 29, 2019.

That same day, the plaintiffs moved to remand, contending that removal was improper both substantively and procedurally. As for substance, the plaintiffs submit that the joinder of H-Worth Elevator Service, LLC, a non-diverse defendant, divests the Court of subject matter jurisdiction. The plaintiffs also challenge the propriety of the removal *process* in three ways: (1) all properly joined and served defendants did not join in or consent to removal; (2) the removing defendant, Schindler Elevator Corporation, did not file with its Notice of Removal a copy of all process, pleadings, and orders served upon the defendants desiring removal; and (3) Schindler filed a defective Notice of Compliance.

I.

*A.*

Although the plaintiffs challenge removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Given the significant federalism concerns implicated by removal,

---

a domestic limited liability company, who upon information and belief has one sole member, who is in turn a Louisiana citizen."

3

the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

*B.*

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). For a defendant to invoke the Court's removal jurisdiction based on diversity, the diverse defendant must demonstrate that complete diversity exists between the plaintiffs and all properly joined defendants, and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Therefore, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." See 28 U.S.C. § 1447(e).

II.

At issue in this case is the effect of the plaintiffs' post-removal joinder of H-Worth Elevator Service, LLC on this Court's subject matter jurisdiction.

In their state court petition, the plaintiffs (Louisiana residents) seek to recover money damages for negligence on the part of Oakwood, Shoe Show, and Schindler. In their motion to remand, the plaintiffs submit that Shoe Show's counsel advised them that H-Worth Elevator Service, LLC, a limited liability company whose sole member is a Louisiana resident, is responsible for maintaining the escalator implicated in this case. Thereafter, the plaintiffs obtained Schindler and Shoe Show's consent to name H-Worth as an additional defendant. The plaintiffs then filed an unopposed motion to amend their complaint, which this Court granted on May 29, 2019.

Where the post-removal joinder of a non-diverse defendant would destroy subject matter jurisdiction, as here, the Court may either deny joinder, or permit joinder and remand the action. 28 U.S.C. § 1447(e). Because the Court has exercised its discretion to permit joinder, it is now obliged to remand the action to state court.[4]

---

[4] Unsurprisingly, not one defendant opposes the plaintiffs' motion to remand.

5

Accordingly, for the foregoing reasons, IT IS ORDERED: that the motion to remand is GRANTED. This case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.[5]

New Orleans, Louisiana, June 18, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court lacks subject matter jurisdiction, it need not consider the various removal procedure defects raised by the plaintiffs.